**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM POLLARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO 06-0194-KD-M** |
| | ) | |
| **CIGNA CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the court on plaintiff's notice of voluntary dismissal without prejudice. (Doc. 6).  Plaintiff notifies the court that he seeks to voluntarily dismiss without prejudice his claims against defendant Cigna Corporation pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and that the "dismissal shall have no effect upon or prejudice to other claims asserted by [plaintiff] against the remaining Defendant to this action." (Doc. 6).

The Rule, entitled "Dismissal of Actions" sets forth as follows:

(a) Voluntary Dismissal: Effect Thereof.

(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

FED. R. CIV. P. Rule 41(a)(1).

Life Insurance Company of North America (LINA) and defendant Cigna removed this action from the Circuit Court of Mobile County, Alabama (Doc. 1).  In the notice of removal, Cigna states that it "appears specially for purposes of this removal and without consent to jurisdiction or waiver of its F.R.C.P. defenses, including without limitation lack of subject matter

jurisdiction, personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.  Specifically, Cigna Corporation does not write, issue or sell insurance policies, nor does it adjudicate long term disability claims." (Doc. 1, n.1).

After removal, LINA answered the complaint stating that it was "incorrectly identified in Plaintiff's Complaint as Cigna Corporation" and that "Cigna Corporation is not a proper party to this lawsuit". (Doc. 2, ¶¶ 1, 2).  Pursuant to Rule 21 of the Federal Rules of Civil Procedure, entitled "Mis-Joinder and Non-Joinder of Parties", "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." FED. R. CIV. P. Rule 21.[1]  Upon consideration of the answer filed by LINA wherein it identifies itself as an incorrectly named defendant and the notice of voluntary dismissal of Cigna filed by plaintiff, the court determines that in the interest of justice, LINA should be named as the proper party defendant and that Cigna should be dismissed without prejudice.  Accordingly, the Clerk of the Court is directed to amend the style of the case to indicate that LINA is the defendant.

**DONE** and **ORDERED** this the 17th day of April, 2006.


 **s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] "Farina continues by arguing that the only way the FDIC could have been made a party would have been by being named as a party on the original petition.  Even so, there are other ways by which one can become a 'party' defendant to a lawsuit. One may intervene under Rule 24.[footnote omitted] One may also be added as a party on the motion of either party, or at the court's discretion, as provided by Rule 21.[footnote omitted]" Farina v. Mission Inv. Trust, 615 F.2d 1068, 1074 (5th Cir. 1980) (Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent on the Eleventh Circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc)).